UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SELENE OLIVIA CORONA VILLA,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br>LOYA INSURANCE COMPANY, D/B/A<br>FRED LOYA INSURANCE, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:25-cv-00378-MMD-BNW<br><br>ORDER |

Plaintiff Selene Olivia Corona Villa sued Defendant Loya Insurance Company d/b/a Fred Loya Insurance in state court after Defendant failed to pay a judgment that Plaintiff won against Defendant's insured in another case arising out of a car accident. (ECF No. 1-2.) Defendant removed the case to this Court. (ECF No. 1.) Because it is unclear to the Court whether the amount in controversy requirement is satisfied, and as further explained below, the Court orders Defendant to show cause why the Court should not remand this case for lack of subject matter jurisdiction.

Defendant removed based on 28 U.S.C. § 1332. (ECF No. 1 at 3.) Based on the Court's review of the notice of removal, questions exist as to whether the Court has jurisdiction over this case. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.") (citation omitted). Defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-701 (9th Cir. 2007).

In its notice of removal, Defendant asserts that the amount in controversy is satisfied because Plaintiff alleges she has an outstanding judgment for around $44,000

against Defendant, "(2) she has a judicial assignment of Klug's [Defendant's insured's] bad faith rights, and (3) as a result of the judgment and assignment, Loya is liable for the judgment, and additional damages of more than $15,000 for each of her four causes of action, as well as punitive damages and attorney's fees." (ECF No. 1 at 4.)

There is no question that Plaintiff seeks to recover the $44,000 judgment from Defendant. (ECF No. 1-2 at 9.) However, it is unclear to the Court whether it may properly multiply $15,000 by four and add the sum to the $44,000 judgment because the first three claims are alleged in the alternative. (*Id.* at 12-17 (alleging claims for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, and tortious breach of the implied covenant).) Plaintiff cannot prevail on all three; she can only prevail on one. Second, it is unclear to the Court based on its review of the Complaint whether it would be proper to sum any multiples of $15,000 with the $44,000 judgment because the harm for which Plaintiff seeks recovery has already been quantified in the $44,000 judgment, and the harm reflected in that judgment at least overlaps with any additional harm Plaintiff seeks recovery on in this case. (*See generally id.*) Third, Defendant generally asserts that the amount in controversy requirement is satisfied because Plaintiff seeks recovery of punitive damages and attorneys' fees. (ECF No. 1 at 4.) "However, 'the mere possibility of an award of attorney's fees or punitive damages is not sufficient to prove that the amount in controversy has been met.'" *Cellura v. Dollinger*, No. 3:24-CV-00395-MMD-CLB, 2024 WL 4601884, at *3 (D. Nev. Oct. 29, 2024) (citation omitted). Fourth, as to attorneys' fees specifically, they "may be included in the amount in controversy" if an underlying contract or statute authorizes their award. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155, 1156 (9th Cir. 1998). But Plaintiff's Complaint cites no contract or statute authorizing a fee award. (ECF No. 1-2 at 19.) It is accordingly unclear to the Court whether Defendant's assertion that the Court should include attorneys' fees in the amount in controversy is correct, and more generally unclear whether Defendant has met its preponderance burden to show the amount in controversy requirement is satisfied.

It is therefore ordered that Defendant must show cause, in writing and within 14 days of the entry of this order, why the Court should not remand this case because Defendant has not met its burden to show the amount in controversy requirement is satisfied. Defendant must address each of the concerns the Court raised in this order.

It is further ordered that Plaintiff must file a reply to Defendant's response to this show cause order within another 14 days of Defendant filing it.

DATED THIS 4th Day of March 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE