M. BRADLEY JOHNSON, ESQ.
Nevada State Bar No. 4646
bjohnson@sjwlawfirm.com
SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
(702) 362-6666 - Telephone
(702) 362-2203 - Facsimile
*Attorneys for Defendant*
LOYA INSURANCE COMPANY

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SELENE OLIVIA CORONA VILLA,<br><br>Plaintiff,<br><br>v.<br><br>LOYA INSURANCE COMPANY dba FRED LOYA INSURANCE; DOES I through X; and ROE CORPORATIONS I through X<br><br>Defendants. | Case No. 2:25-cv-00378<br><br>**AMENDED JOINT DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Defendant LOYA INSURANCE COMPANY dba FRED LOYA INSURANCE (hereinafter "Loya"), by and through its attorneys of record, M. BRADLEY JOHNSON, ESQ. of SCHNITZER JOHNSON & WATSON, CHTD., and Plaintiff SELENE OLIVIA CORONA VILLA (hereinafter "Plaintiff"), by and through her attorneys of record, BOYD B. MOSS III, ESQ. and DRUE SOLOMON, ESQ. of MOSS BERG INJURY LAWYERS, hereby submit the following Amended Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f)(3) and Local Rule 26-1(b).

Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 26-1(a), based on the parties' joint proposed discovery plan, the Court enters the following Scheduling Order. The parties' request **special scheduling** review due to the unique complexity of this action, as detailed below.

I.  STATEMENT OF REASONS FOR SPECIAL SCHEDULING REVIEW

The parties jointly request special scheduling review and modification of standard discovery dealings due to the following reasons:

1. The case involves complex legal issues. In this particular instance, Plaintiff filed causes of action for breach of contract, contractual breach of implied covenant good faith and fair

-1-

1  dealings, tortious breach of implied covenant good faith and fair dealings, violations of Nevada Revised Statute §686A (Nevada Unfair Claims Practice Act), and seeks punitive damage pursuant to NRS 42.005. All of these claims are based upon Plaintiff's allegation that she obtained judicial assignment of a third-party claim against the Defendant[1]. As result, there are relatively complex legal issues are related to the extent to which the assigned interests of the Defendant's former insured are maintained by the Plaintiff as opposed to those Plaintiff believes as a direct part (third-party claims), much of the information likely to be subject to discovery is stored electronically, and to the extent it is allowed, could encompass discovery of claims against Defendant not only in the present jurisdiction, but other states as well. As a result, there are multiple parties subject to other claims and litigation with corresponding complexity in the discovery which is posed and objections to same.

     2. Counsel has required additional time for meaningful early case assessment in the context of reviewing extensive pre-trial disclosures which relate to a litigation instituted and completed in a state court action. There is also a substantial amount of pre-discovery disclosures that have been made and documentation that ultimately has to be reviewed with the aid of expert analysis and hopefully, provide time for mediation efforts.

     3. A pending Motion to Dismiss was filed with the Court on March 7, 2025 (ECF 7). It has been briefed and the parties are awaiting a determination on its merits. A tailored schedule will promote judicial efficiency and reduce the risk of unnecessary motions and duplicate efforts during its pendency.

     4. The parties have engaged in good faith discussion and jointly agree that the modified schedule is reasonable, fair, and necessary under the circumstances of the case.

///

///

///

---

[1] On October 23, 2024, Plaintiff filed a Motion for Judicial Assignment of a third-party's rights against Defendant, in which Plaintiff alleged it was entitled to bring the causes of action against Loya Insurance Company as assignees.

## II. DISCOVERY PLAN AND DEADLINES

The presumptive discovery deadline is presently August 27, 2025. The following deadlines shall apply, unless otherwise modified by Court order:

    a. Presumptive Deadline for Initial Disclosures:    Monday, August 2, 2025

    b. Proposed Close of Discovery:    Monday, December 1, 2025

    c. Amend pleadings and add parties:    Tuesday, September 2, 2025

    d. Initial Expert Disclosures:    Thursday, October 2, 2025

    e. Rebuttal Expert Disclosures:    Thursday, October 30, 2025

    f. Dispositive Motions:    Wednesday, December 31, 2025

    g. Pretrial Order:    Friday, January 30, 2026

In the event that dispositive motions are filed, the date for filing the joint pretrial order will be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

This matter involves allegations of insurance bad faith, which Plaintiff claims to necessitate corporate discovery to include in-depth written discovery responses and corporate designee deposition(s). Plaintiff also plans to conduct discovery into Defendant's internal claims handling policies and procedures. While not conceding the legitimacy of any such discovery, to the extent any internal policies or procedures are produced or discussed during discovery, the Parties agree that an appropriate protective order and confidentiality stipulation is warranted. In addition, certain internal documents will have to be internally identified and properly redacted prior to production. Typically, production of internal confidential and proprietary claims documents can include documents in the thousands of pages. This portion of discovery alone is anticipated to take several months.

    1.    **Changes in the timing, form or requirements for Rule 26(a) Disclosures:** The parties have agreed the Rule 26(a) disclosure deadline is August 4, 2025.

2. **Subjects on which discovery may be made:** The parties envision propounding written discovery, some of which may involve the production of confidential, internal policies and procedures pursuant to protective order, conducting depositions of parties, corporate 30(b)(6) designees, third-party witnesses, and potentially disclosed experts, and obtaining all relevant records through use of third-party subpoenas. The parties also may conduct further discovery as may be allowed under the Federal Rules of Civil Procedure relating to the allegations set forth in Plaintiff's Complaint and Defendant's Answer.

3. **Changes to limitations on discovery:** None.

4. **Discovery of electronically stored information:** The parties have implemented litigation holds and taken other reasonable measures to preserve relevant documents, including electronically stored information ("ESI"), that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules.

5. **Fed. R. Civ. P. 26(a)(3) Disclosures:** All disclosures required by Fed. R. Civ. P. Rule 26(a)(3) and any objections shall be included in the pretrial order submitted pursuant to Paragraph 4 above. Said disclosures, and any objections thereto, must be made and implemented into the pretrial order no later than set forth in Paragraph 5.

6. **Alternative dispute resolution:** The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration and, if applicable, early neutral evaluation. The parties agreed alternative resolution is not feasible at this time, but they will revisit these possibilities in the future.

7. **Alternative forms of case disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties agree that trial by magistrate and the Short Trial Program are not appropriate for this case.

8. **Electronic evidence:** The parties certify that they discussed the presentation of electronic evidence to the jury at trial. At this stage they are unable to ascertain the need for electronic evidence and stipulate to meeting and conferring sixty (60) days in advance of trial to reach an agreement and protocol for such evidence, if needed.

9. **Electronic Service of Discovery:**

    a. Plaintiff hereby agrees to electronic service of all documents at the following email addresses: boyd@mossberglv.com, drue@mossberglv.com, candace@mossberglv.com, and elise@mossberglv.com.

    b. Defendant hereby agrees to electronic service of all documents to the following email addresses: bjohnson@sjwlawfirm.com, and sjensen@sjwlawfirm.com.

IT IS RESPECTFULLY SUBMITTED.

| **MOSS BERG INJURY LAWYERS** | **SCHNITZER, JOHNSON & WATSON, CHTD.** |
|---|---|
| Dated this 10 day of June, 2025. | Dated this 3 day of June, 2025. |
| Boyd B. Moss III, Esq. (#8856)<br>Drue R. Solomon, Esq. (#14276)<br>300 S. Fourth Street, Suite 1400<br>Las Vegas, Nevada 89101<br>Attorneys for Plaintiff | M. Bradley Johnson, Esq. (#4646)<br>8985 S. Eastern Ave., Ste. 200<br>Las Vegas, Nevada 89123<br>Attorneys for Defendant |

**IT IS SO ORDERED.**

DATED this 1 day of July, 2025

_____
U.S. MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of June, 2025, I served a true and correct copy of the foregoing **AMENDED JOINT DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** via the United States District Court CM/ECF system to all parties or persons requiring notice:

Boyd B. Moss III, Esq.
Drue R. Solomon, Esq.
Moss Berg Injury Lawyers
4101 Meadows Lane, Suite 110
Las Vegas, NV 89107

/s/ Stephanie
An Employee of Schnitzer, Johnson & Watson, Chtd.