UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SELENE OLIVIA CORONA VILLA,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>LOYA INSURANCE COMPANY, D/B/A<br>FRED LOYA INSURANCE, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:25-cv-00378-MMD-BNW<br><br>ORDER |

**I.   SUMMARY**

Plaintiff Selene Olivia Corona Villa sued Defendant Loya Insurance Company d/b/a Fred Loya Insurance in state court after Defendant failed to pay a judgment that Plaintiff won against Defendant's insured in another case arising out of a car accident. (ECF No. 1-2 ("Complaint").) Defendant subsequently removed this case.[1] (ECF No. 1.) Before the Court is Defendant's motion to dismiss the Complaint.[2] (ECF No. 7 ("Motion").) As further explained below, because Defendant did not breach the insurance policy providing the basis for the Complaint, the Court will grant the Motion.

**II.   BACKGROUND**

The following facts are adapted from the Complaint.[3] On March 12, 2022, Plaintiff was injured in a motor vehicle accident involving John David Klug (Defendant's insured),

---

[1] The Court ordered Defendant to show cause as to why this case should not be remanded for lack of jurisdiction (ECF No. 6) and found the order to show cause had been satisfied (ECF No. 15).

[2] Plaintiff responded (ECF No. 11), and Defendant replied (ECF No. 12).

[3] Defendant requests the Court take judicial notice of the insurance policy (ECF No. 7-2), which Plaintiff references in her Complaint. (ECF No. 8.) On a motion to dismiss under Rule 12(b)(6), the Court may consider materials "incorporated by reference" into the complaint and may take judicial notice of "matters of public record." *See Mack v. S.* (fn. cont…)

1 whom Defendant insured under a policy guaranteeing $25,000 per person in bodily injury
2 liability coverage (the "Policy"). (ECF No. 1-2 at 4-5.) Defendant issued the Policy to Klug
3 covering a period from March 10, 2022 to April 9, 2022. (ECF No. 7-2 at 2.) Beginning in
4 May 2022, Plaintiff sent Defendant multiple offers to settle within the $25,000 policy limit.
5 (ECF No. 1-2 at 5-6.) Then, on November 4, 2022, Plaintiff sued Klug in an underlying
6 action to recover for the bodily injuries sustained in the accident. (*Id.* at 7.)

On April 12, 2024, a trial was held, and the jury found in favor of Plaintiff, awarding $25,000 in damages. (*Id.* at 8.) Factoring in attorneys' fees and interest, Plaintiff received a total judgment of $44,689.38 against Defendant's insured, which Plaintiff sought to recover from Defendant directly after obtaining a judicial assignment of Klug's rights against Loya. (*Id.* at 9, 12.) On August 30, 2024, Plaintiff received $25,000 in settlement funds from Defendant—the maximum amount the Policy required Defendant to pay to indemnify the insured for any bodily injury damages awarded against him. (*Id.* at 11; *see also* ECF No. 7-2 at 10-11.) Plaintiff subsequently initiated this action seeking to recover the amount of the total judgment plus general and punitive damages and fees and costs. (ECF No. 1-2 at 12, 18.)

Plaintiff asserts five failure-to-settle claims: (1) breach of contract[4]; (2, 3) contractual and tortious breaches of the implied covenant of good faith and fair dealing[5];

---

*Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may…consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). If the Court otherwise considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Accordingly, the Court takes judicial notice of the insurance policy as to its content, including the $25,000 per-person-limit in bodily injury liability coverage (ECF No. 7-2 at 11).

[4]Specifically, Plaintiff alleges that Defendant breached the Policy by failing to indemnify Klug, inform him of the policy-limits demand, and settle within the policy limit. (ECF No. 1-2 at 13.)

[5]Plaintiff's second claim alleges a breach of the implied covenant of good faith and fair dealing under contract law, while her third claim asserts a tortious breach of the same.

2

(4) breach of Nevada's Unfair Claims Practices Act, NRS § 686A.310; and (5) punitive damages. (*Id.* at 12-18.)

**III.   DISCUSSION**

Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's "bad faith" failure-to-settle claims fail because the duty to settle was never triggered, as Plaintiff has not shown that the insurance claim was substantially likely to exceed the policy limit. (ECF No. 7 at 5-6.) In particular, Defendant asserts that, under the implied covenant of good faith and fair dealing, an insurer need only accept a settlement demand "when there is a substantial likelihood that the value of the claim will exceed the policy limit." (*Id.* at 5.) For the reasons explained below, the Court agrees with Defendant that Plaintiff fails to state a valid failure-to-settle claim.[6]

Under Nevada law, insurers are subject to a covenant of good faith and fair dealing, a violation of which can result in bad-faith tort liability. *See Sharp Plumbing, Inc. v. Nat'l Fire & Marine Ins. Co.*, 633 F. App'x 441, 442 (9th Cir. 2016). Under the covenant, insurers are required to "settle a claim against its insured within policy limits whenever there is a substantial likelihood of recovery in excess of those limits." *Id.* (citing *Johansen v. Cal. State Auto Ass'n Inter–Ins. Bureau,* 538 P.2d 744, 747 (Cal. Aug. 11, 1975)). Generally, an insurer's "duty to accept a reasonable settlement offer" arises only when the claim is covered under the policy. *Id.*; *see also Johansen*, 538 P.2d 744 (describing the standard for determining whether a settlement offer is "reasonable"). As discussed above, the claim against Klug (Defendant's insured) is covered by the bodily injury liability portion of the Policy (ECF No. 7-2 at 11).

To evaluate the reasonableness of a settlement offer, courts look to "the victim's injuries and the probable liability of the insured" as the "only permissible consideration" in determining whether a judgment is likely to exceed the amount of the settlement offer. *See Johansen*, 538 P.2d 744; *see also Archdale v. Am. Int'l. Specialty Lines Ins. Co.*, 154

---

[6]Because the Court agrees with Defendant's first dispositive argument, the Court declines to address Defendant's remaining arguments.

Cal. App. 4th 449, 464 (2007). Here, the Court agrees that Plaintiff's failure-to-settle claims fail because the jury awarded exactly $25,000 for her bodily injuries—the full amount of the Policy limit—indicating, as Defendant correctly argues, that the claim was not worth more than the Policy provided, notwithstanding Plaintiff's contentions that her damages exceeded that amount.[7] (*See* ECF No. 7 at 6.) Accordingly, the Court grants Defendant's Motion and dismisses Plaintiff's failure-to-settle claims for failure to state a claim.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is further ordered that Loya Insurance Company's motion to dismiss (ECF No. 7) is granted.

The Clerk of Court is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 2nd Day of October 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff, in response, fails to properly address the jury's $25,000 verdict and sets forth a series of frivolous arguments, which the Court is unpersuaded by.

4